[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 249.]

LIVINGSTON, APPELLANT, *v*. HILLSIDE REHABILITATION HOSPITAL ET AL.,
APPELLEES.

[Cite as *Livingston v. Hillside Rehab. Hosp.*, 1997-Ohio-155.]

*Employment relations—Age discrimination by employer—At-will employee discharged allegedly on the basis of her age is entitled to maintain common-law tort action against employer for wrongful discharge in violation of public policy.*

(No. 97-491—Submitted May 20, 1997—Decided July 23, 1997.)

APPEAL from the Court of Appeals for Trumbull County, No. 95-T-5360.

———————————

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ira J. Mirkin* and *Barry Laine*, for appellant.

*Guarnieri & Secrest, Randil J. Rudloff* and *Deborah L. Smith*, for appellees.

———————————

{¶ 1} The discretionary appeal is allowed.

{¶ 2} The judgment of the court of appeals is reversed, and the cause is remanded to the trial court on the authority of *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 3} I respectfully dissent. Even if I were to agree with the reasoning employed by a majority of this court in *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308, I would not agree that the holding in that case determines this appeal.

**{¶ 4}** *Kulch* involved an employee who arguably met the statutory parameters for bringing a retaliatory discharge claim against his employer under R.C. 4113.52 (Ohio's "Whistleblower Statute") and/or Section 651 *et seq.,* Title 29, U.S. Code (a federal whistleblower statute). Extending *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, a majority of this court held that Kulch could use both whistleblower statutes to support a common-law cause of action in tort for wrongful discharge. *Kulch*, 78 Ohio St.3d at 151-154, 677 N.E.2d at 321-323. In reaching this decision, the majority relied on the limited nature of the civil remedies under the whistleblower statutes to establish the "jeopardy element" of the four-part analysis approved by the lead opinion in *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, fn.8 (citing Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? [1989], 58 U.Cin.L.Rev. 397, 398-399) for determining when it is appropriate to recognize a cause of action based in tort for wrongful discharge in violation of public policy. *Kulch*, 78 Ohio St.3d at 154-155, 677 N.E.2d at 323-324. The *Kulch* majority also adjudged the remedies prescribed by the General Assembly under R.C. 4113.52 too limited for that statute to be the exclusive state remedy. *Id.* at 155-162, 677 N.E.2d at 324-329.

**{¶ 5}** The appellant in this case brought an age discrimination claim under former R.C. 4101.17(A) (renumbered as R.C. 4112.14 by Am.Sub.S.B. No. 162, effective October 29, 1995) and a common-law wrongful discharge claim under *Greeley,* based on an alleged violation of former R.C. 4101.17(A). 143 Ohio Laws, Part III, 4154. Interpreting *Greeley, supra,* and *Provens v. Stark Cty. Bd. of Mental Retardation & Dev. Disabilities* (1992), 64 Ohio St.3d 252, 594 N.E.2d 959, the appellate court determined that an age discrimination claim under former R.C. 4101.17(A) provided remedies as broad as those available under *Greeley* and, therefore, a *Greeley* claim was unavailable.

**{¶ 6}** Given that *Kulch* was decided based on the perceived inadequacy of the statutorily prescribed remedy available to a discharged whistleblower, one would expect this case, where the age discrimination statute has no restriction on remedies, to be affirmed. Perhaps the unavailability of a jury trial for such an age discrimination claim is the premise for the majority's decision to reverse. As noted by the appellate court, Livingston acknowledged that she had no right to a jury trial for her statutory claim, but sought a jury for her *Greeley* claim.

**{¶ 7}** If the lack of a jury trial is the rationale for the majority decision to reverse, *Kulch* does nothing to explain why lack of the right to trial by jury "jeopardizes" the public policy embodied in former R.C. 4101.17(A) so as to justify recognition of a common-law cause of action under the analysis approved in *Painter*. In fact, absent an established constitutional right to trial by jury, such a conclusion could only be rooted in a determination that trial courts are in some respect incompetent to pass on the issues presented by such a case. See *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 553 N.E.2d 252 (holding that actions for employment discrimination did not exist at common law and there was no statutory or constitutional right to a jury trial under former R.C. 4101.17). Likewise, the *Kulch* decision, which analyzes only the state and federal whistleblower statutes, does not decide the issue of whether the General Assembly intended to create former R.C. 4101.17(A) and its related statutory provisions as an exclusive state remedy.

**{¶ 8}** In *Kulch*, I dissented from the majority's extension of *Greeley* to include claims covered under our Whistleblower Statute. See *Kulch,* 78 Ohio St.3d at 164-167, 677 N.E.2d at 330-332 (Cook, J., concurring in part and dissenting in part). Today's further extension of *Greeley* again substitutes the personal public policy choice of a majority of the court for a contrary policy statement of the General Assembly, as evinced by the statute. The court accomplishes this extension of *Greeley* under the cloak of a reversal "on the authority of" entry. At the very

least, this case should be briefed and argued, permitting this court to issue a fully informed opinion supported by legal analysis.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____