**Phillip F. ARTHUR, Plaintiff,**

v.

**ARMCO, INC., et al., Defendants.**

**No. 2:99CV133.**

United States District Court,
S.D. Ohio,
Eastern Division.

March 7, 2000.

Terrence W. Larrimer, Michael Garth Moore, Columbus, OH, for plaintiff.

Thomas V. Williams, Jeffrey N. Lindemann, Frost & Jacobs, Columbus, OH, for defendant.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of the defendants' partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. # 5). For the reasons that follow, the defendants' motion is granted in part and denied in part.

## I.

Plaintiff, who is African–American, alleges that he was discriminated against on the basis of race, that he was harassed and, that he was retaliated against during his employment with defendant Armco, Inc. Plaintiff commenced employment at Armco, Inc. in 1991. Plaintiff alleges that, beginning in 1992, he "discovered racist material specifically promoting the Klu Klux Klan posted at the Coshocton facility where he worked." (*Complaint* at ¶ 9). Plaintiff reported this finding to the defendants. Plaintiff alleges that "other racist material" was posted at the facility and that Caucasian employees exhibited racist attitudes toward African–American employees. (*Id.* at ¶¶ 11–12). Plaintiff continued to report such events to the defendants, who, according to plaintiff, did nothing in response. (*Id.* at ¶ 12). Plaintiff claims that shortly thereafter, he was "subjected to a hostile work environment by white co-workers and management" on

account of his race. (*Id.* at ¶ 13). In particular, plaintiff claims that racist statements were made to or about him; that his shoes, clothing and tools were stolen; and that he suffered adverse treatment in comparison to Caucasian employees. (*Id.* at ¶ 14).

Plaintiff also claims that he was discriminated against on account of an injury he suffered in 1994, which injury caused plaintiff to miss a considerable amount of work. (*Complaint* at ¶¶ 16–20). Upon his return to employment, plaintiff notified the defendants of the alleged continuing harassment; plaintiff also informed defendants of his intent to seek legal counsel and file suit if the harassment did not cease. (*Id.* at ¶¶ 21–23). Plaintiff's employment was terminated on February 14, 1997. (*Id.* at ¶ 24).

Plaintiff's complaint presents federal claims pursuant to 42 U.S.C. § 1981, and the Family Medical Leave Act ["FMLA"], 29 U.S.C. § 2617; the complaint also presents supplemental state law claims pursuant to R.C. Chapter 4112 and Ohio public policy. In addition to defendant Armco, Inc., plaintiff names the following persons as defendants in their individual capacities: C. Jay Parr, Plant President; David A. Wright, Plant Vice–President / Superintendent; W.O. Netta, Supervisor; and F.A. Williams, Human Resources Administrator. Defendants move to dismiss Counts III, V, VII, X, XII and XIII as to all defendants, and plaintiff's Count VIII as to the individual defendants.

## II.

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the nonmovant. *Scheuer v. Rhodes,* 416 U.S. 232,

236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.

Defendants move to dismiss plaintiff's common law claims for wrongful discharge in violation of Ohio public policy. Five of plaintiff's public policy claims mirror statutory claims presented in the complaint. In particular, plaintiff alleges violations of Ohio public policy based upon: defendants' alleged violation of the FMLA (*Complaint,* Count III); defendants' alleged racial discrimination in contravention of R.C. § 4112.02(A) (*Id.,* Count V); defendants' alleged retaliation for plaintiff's opposition to race discrimination in contravention of R.C. § 4112.02(I) (*Id.,* Count VII); defendants' alleged handicap discrimination in contravention of R.C. § 4112.02(A) (*Id.,* Count X); and defendants' alleged retaliation for plaintiff's opposition to handicap discrimination in contravention of R.C. § 4112.02(I) (*Id.,* Count XII). Plaintiff also asserts public policy violations for defendants' alleged retaliation against plaintiff for seeking legal counsel (*Id.,* Count VIII), and for defendants' alleged retaliation against plaintiff for pursuing workers' compensation (*Id.,* Count XIII).

In Ohio, a cause of action in tort exists for wrongful discharge in violation of public policy. Such a claim constitutes an exception to the doctrine of employment at will. *Greeley v. Miami Valley*

*Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). The claim requires a showing of the following: the existence of a clear public policy; that the circumstances surrounding the employee's dismissal jeopardize that public policy; that the dismissal was motivated by conduct related to the public policy; and that the employer lacked an overriding legitimate justification for the dismissal. *Painter v. Graley,* 70 Ohio St.3d 377, 384–85, 639 N.E.2d 51 (1994). In regard to the first element, "clear public policy" is not limited to that expressed in the form of statutory enactments; nonetheless, the public policy alleged to have been violated must be "of equally serious import as the violation of a statute." *Id.* at 384, 639 N.E.2d 51.

The Ohio Supreme Court most recently addressed the public policy exception to the employment at will doctrine in the context of an alleged violation of the Ohio whistleblower's statute, R.C. § 4113.52. *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 677 N.E.2d 308 (1997). The Court held that a separate cause of action for alleged wrongful discharge in violation of public policy existed despite the statutory framework. The Court reasoned that, because the whistleblower statute provided only limited remedies, the General Assembly did not intend a claim based upon the statute to be a sole basis for relief. In particular, the Court noted that the whistleblower statute does not provide for the recovery of certain compensatory damages or for the recovery of punitive damages. Thus, the Court reasoned, "the mere existence of statutory remedies for violations of R.C. § 4113.52 does not operate as a bar to alternative common-law remedies for wrongful discharge in violation of the public policy embodied in the Whistleblower Statute." *Id.* at 157, 677 N.E.2d 308.

*See also, Livingston v. Hillside Rehab. Hosp.,* 79 Ohio St.3d 249, 680 N.E.2d 1220

(1997) (remanding claim for wrongful discharge in violation of public policy on the basis of age in view of the Court's reasoning in *Kulch* ). Indeed, this reasoning has been applied by courts in this district when analyzing a claim for wrongful discharge in violation of public policy expressed in a statute. *See e.g., Yetts v. ITW–Nifco, Inc.,* 50 F.Supp.2d 776 (S.D.Ohio 1999).

█ Defendants in the case at bar move to dismiss plaintiff's public policy claims on the ground that the relevant statutes, *i.e.,* the FMLA and R.C. Chapter 4112, provide plaintiff with an adequate and exclusive basis for recovery. In light of the authority discussed above, defendants' position is inaccurate. This Court concludes that plaintiff in this case may pursue certain common law claims for wrongful discharge in violation of public policy notwithstanding the pursuit of separate statutory claims. First, consistent with the Ohio Supreme Court's ruling in *Livingston v. Hillside Rehab. Hosp., supra,* the Court concludes that plaintiff may pursue common law claims for retaliation, race and handicap discrimination (*Complaint,* Counts V, VII, X, XII) on the basis of the public policy reflected in R.C. § 4112.02 and, notwithstanding the fact that plaintiff is also pursuing separate statutory claims under Chapter 4112. The plaintiff in *Livingston* sought to pursue a wrongful discharge claim based upon the public policy expressed in R.C. § 4112.14, which prohibits discrimination on the basis of age. The claim was dismissed by the trial and the appellate courts on the basis that plaintiff's statutory claim was the exclusive basis for recovery. The Ohio Supreme Court, however, reversed and remanded the case on the authority of *Kulch.*[1] Thus, it appears clear that, notwithstanding a plaintiff's pursuit of statutory claims under R.C. Chapter 4112, a plaintiff may also pursue common law claims based upon the public

---

1. While the Supreme Court's rationale is unclear, the justices dissenting opined that, because Chapter 4112 does not provide for a trial by jury, plaintiff's statutory remedies were more limited than those available under common law. *Livingston v. Hillside Rehab. Hosp.,* 79 Ohio St.3d 249, 680 N.E.2d 1220 (1997) (Cook, J., dissenting).

policy expressed therein. To the extent that defendants in the case at bar argue that the statutory framework is plaintiff's sole basis for recovery, defendants' argument is not well-taken.

■ The Court also concludes that plaintiff may pursue a common law claim based upon the public policy reflected in the FMLA (*Complaint*, Count III), as plaintiff's remedies for a statutory claim are limited to recovery of lost employment wages and benefits and, in certain instances, liquidated damages. 29 U.S.C. § 2617. The Court notes the contrary conclusion reached in the Northern District, *see Dorricott v. Fairhill Center for the Aging*, 2 F.Supp.2d 982 (N.D.Ohio 1998); *Vargo–Adams v. U.S. Postal Service*, 992 F.Supp. 939 (N.D.Ohio 1998), however, this Court observes that those decisions disregarded the Ohio Supreme Court's pronouncements in *Kulch* and *Livingston*. Based upon that authority, this Court concludes that plaintiff may pursue a claim for wrongful discharge on the basis of the public policy expressed in the FMLA.

■ The individual defendants also move to dismiss plaintiff's common law public policy claims on the basis that, since the defendants acted as plaintiff's "supervisors" rather than as plaintiff's "employer," that the claims are not actionable against them. While this issue has apparently not been addressed by courts in the State of Ohio, individual liability is recognized under the FMLA and R.C. Chapter 4112 [2]. This Court, however, declines to extend such liability to a common law claim for violation of public policy derived from a statute, as the caselaw recognizing

common law claims for wrongful discharge in violation of public policy speaks solely in terms of the liability of an "employer." *See Painter v. Graley, supra.* Thus, to the extent the individual defendants seek dismissal of plaintiff's Counts III, V, VII, X and XII, the motion is meritorious. To the extent defendant Armco, Inc. seeks dismissal of these counts, the motion is without merit.

The individual defendants also move to dismiss plaintiff's claim for violation of public policy in connection with plaintiff's seeking legal counsel regarding the events which led the instant action. (*Complaint*, Count VIII). As stated above, the Court concludes that there is no individual liability on a common law public policy claim. Thus, as to the individual defendants, the motion to dismiss plaintiff's Count VIII is meritorious.

■ Finally, defendants move to dismiss plaintiff's public policy claim alleging retaliation for plaintiff's pursuit of workers compensation. (*Complaint*, Count XIII). Defendants argue that plaintiff's exclusive remedy is found in R.C. § 4123.90, which prohibits discrimination against an employee pursuing workers compensation. Defendants argue that plaintiff seeks relief under a tort theory because any statutory claim would be time-barred as plaintiff failed to comply with the written notice requirement. The defendants' argument is well-taken. The public policy upon which plaintiff's claim if founded in expressed in R.C. § 4123.90.[3] Plaintiff's failure to comply with the statutory requirements precludes a common law claim based upon the policy expressed therein.

---

**2.** See *Carpenter·v. Refrigeration Sales Corp.*, 49 F.Supp.2d 1028 (N.D.Ohio 1999) (holding that, while the Sixth Circuit has not addressed the issue of individual liability under the FMLA, a majority of courts have concluded that such liability exists); *Genaro v. Cent. Transport, Inc.*, 84 Ohio St.3d 293, 703 N.E.2d 782 (1999) (holding that supervisors/managers may be held jointly and severally liable for discriminatory conduct under Chapter 4112).

**3.** The claim is not, as plaintiff argues, analogous to that in *Balyint v. Arkansas Best Freight Sys., Inc.*, 18 Ohio St.3d 126, 480 N.E.2d 417 (1985), in which plaintiff stated cause of action for intentional and wrongful termination of workers compensation benefits.

*See Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 154, 677 N.E.2d 308 (1997). Thus, defendants' motion to dismiss plaintiff's Count XIII is meritorious.

## IV.

In light of the foregoing, defendants' motion to dismiss (Doc. # 5) is GRANTED in part and DENIED in part as set forth above. The Clerk is DIRECTED to remove the foregoing document from the Court's pending motions list.

**IT IS SO ORDERED.**