**Michael T. JAKISCHA, Plaintiff–Appellant,**

v.

**CENTRAL PARCEL EXPRESS, Defendant–Appellee.**

No. 03–3976.

United States Court of Appeals, Sixth Circuit.

Sept. 1, 2004.

Donald B. Hordes, Schwartz, Manes & Ruby, Cincinnati, OH, for Plaintiff–Appellant.

William C. Illingworth, Stanton D. Ernest, Rhine, Ernest & Vargo, Mt. Carmel, IL, Robert A. Dimling, Leonard R. Boord, Frost, Brown & Todd, Cincinnati, OH, for Defendant–Appellee.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

KEITH, Circuit Judge.

Plaintiff–Appellant Michael T. Jakischa ("Jakischa") appeals the final judgment dismissing, for lack of subject-matter jurisdiction, his action for retaliatory termination of employment under Ohio law. For the reasons set forth below, we affirm the district court's dismissal of this action.

## FACTUAL BACKGROUND

Defendant–Appellee, Central Parcel Express, Inc. ("CPE"), is a provider of shipping services. Jakischa was an at-will employee at CPE's Cleveland distribution center. In November 2000, Jakischa injured his foot and ankle while employed by CPE. In November 2001, Jakischa filed a workers' compensation claim for anticipated surgery on his foot and ankle, which he had in December 2001. Jakischa was ab-

sent from work from the date of the surgery until January 11, 2002. After Jakischa returned to work on January 11, 2002, his employment was "terminated by Defendant" later that day—approximately two months after filing his workers' compensation claim. The sole claim asserted by Jakischa, entitled "Retaliatory Discharge," alleges that he was "terminated" by CPE "in retaliation for his having filed a workers' compensation claim."

On January 15, 2002, just days after his discharge, Jakischa filed for unemployment benefits with the Ohio Department of Job and Family Services. On February 12, 2002, CPE sent Jakischa an "Election Notice of COBRA Continuation Rights." That notice, which Jakischa received on February 14, 2002, stated that COBRA offered him "group health care coverage ... beyond termination." Also, on February 12, 2002, CPE mailed a letter to Jakischa stating that, as a result of his "termination of employment," he now had "the option to cash out the balance or rollover" his 401(k) plan. After receiving this letter on February 14, 2002, Jakischa completed and returned his Request for Distribution Form.

Jakischa mailed his first written notice of his retaliatory discharge claim to CPE on May 8, 2002. CPE did not receive the notice until after May 8, 2002, or about 120 days after Jakischa's discharge. In his notice letter and attached draft Complaint, Jakischa repeatedly stated that CPE "terminated" and "discharged" him on January 11, 2002. Jakischa filed a complaint on June 10, 2002, in the Southern District of Indiana claiming that CPE violated Ohio public policy by terminating his employment in retaliation for his filing a workers' compensation claim. The case was subsequently transferred to the Southern District of Ohio.

CPE filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) in the district court. CPE contended that the action should be dismissed because Jakischa failed to comply with the written notice requirements of Ohio Revised Code § 4123.90. Section 4123.90 states, in relevant part:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer ... [N]o action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.

O.R.C. § 4123.90. A plaintiff's failure to comply with the written notice requirement deprives the court of jurisdiction. *Miller v. Premier Indust. Corp.,* 136 Ohio App.3d 662, 737 N.E.2d 594, 602–03 (Ohio Ct.App.2000); *Cross v. Gerstenslager Co.,* 63 Ohio App.3d 827, 580 N.E.2d 466, 467 (Ohio Ct.App.1989). Jakischa argued that his claim arose under Ohio public policy, as embodied in the common law, not O.R.C. § 4123.90. Jakischa filed an affidavit that stated that he had been laid off and that "he had no reason to believe that the layoff was permanent." Jakischa also asserted that he did not realize the layoff was permanent until CPE began hiring new employees. The district court rejected Jakischa's claim that the notice provision did not apply and found that Jakischa's subjective belief that he would be called back was insufficient to toll the beginning of the ninety-day notification period. Accordingly, the district court dismissed Jakischa's claim.

Jakischa filed a motion for reconsideration, arguing that the district court misinterpreted Jakischa's affidavit and failed to follow a case from the Ohio Court of Appeals, *Morgan v. Cianciola*, No. 87 C.A. 130, 1987 WL 31935 (Ohio Ct.App. Dec. 28, 1987). Jakischa also sought leave to file an amended complaint. The court denied Jakischa's motion for reconsideration and found that an amendment to the complaint would be futile. This appeal followed.

## STANDARD OF REVIEW

When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). The district court's factual findings made in resolving a motion to dismiss are reviewed for clear error, while its application of the law to the facts is reviewed *de novo*. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir.1996).

## DISCUSSION

Jakischa argues that in Ohio an employee may file a workers' compensation retaliatory discharge claim under the common law or Ohio statute. Thus, according to Jakischa, the ninety-day notice is inapplicable. Even if the notice did apply, however, Jakischa argues that because he was informed that he was laid off rather than fired, the ninety-day notice period did not begin to run until he knew that the layoff was permanent. Each of these arguments will be addressed in turn.

■ Jakischa argues that, in an action based upon wrongful discharge, a plaintiff may maintain a claim based on a pubic policy exception to the doctrine of at-will employment, referred to as a *Greeley* claim, separate from a statutory claim. *See Greeley v. Miami Valley Maint. Contractors, Inc.*, 49 Ohio St.3d 228, 234, 551 N.E.2d 981 (Ohio 1990). In *Greeley*, the Ohio Supreme Court created an exception to the traditional common-law doctrine of employment-at-will where a discharge is in violation of a statute and thereby contravenes public policy. *Id.* Since *Greeley* was decided, the Ohio Supreme Court has held that the "clear public policy" sufficient to justify a wrongful-discharge claim "may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law." *Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (Ohio 1994).

In *Collins v. Rizkana*, 73 Ohio St.3d 65, 652 N.E.2d 653 (Ohio 1995), the Ohio Supreme Court adopted a four-part test to establish a public policy cause of action:

1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law (the clarity element).

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Collins*, 73 Ohio St.3d at 70, 652 N.E.2d 653 (citing H. Perritt, *The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie?*, 58 U.Cin.L.Rev. 397, 398–99 (1989)). The first two elements are questions of law to be determined by the court, while the remaining two elements are questions of fact

for the trier of fact. *Collins,* 73 Ohio St.3d at 70, 652 N.E.2d 653.

In *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 677 N.E.2d 308 (Ohio 1997), the second element of the four-part test, the jeopardy element, was examined in regard to the Whistleblower Statute, Ohio Revised Code § 4113.52. The Ohio Supreme Court allowed a *Greeley* claim based on the public policy embodied in O.R.C. § 4113.52, despite the existence of specific statutory civil remedies. *Kulch,* 78 Ohio St.3d at 155, 677 N.E.2d 308. The Ohio Supreme Court allowed the *Greeley* claim to go forward because it deemed the remedies in O.R.C. § 4113.52 inadequate to fully compensate an aggrieved employee. *Id.* It further found that recognition of a *Greeley* claim would encourage the legislative objectives of O.R.C. § 4113.52 and would complement the remedies available under the statute. *Id.*

In *Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 773 N.E.2d 526 (Ohio 2002), the Ohio Supreme Court again examined the jeopardy element, this time with respect to the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. The Ohio Supreme Court refused to recognize a *Greeley* claim based on FMLA even though it did not provide for punitive damages or damages for emotional distress. The Ohio Supreme Court found that the compensatory and equitable remedies in the FMLA adequately protect the public policy embedded in the FMLA because they provide an employee with a meaningful opportunity to place himself in the same position that the employee would have been absent the employer's violation of the FMLA. *Wiles,* 96 Ohio St.3d at 245, 773 N.E.2d 526. Thus, the Ohio Supreme Court found that there was no reason to expand the remedies that Congress has provided in the FMLA. *Id.*

In this case, as the district court explained, O.R.C. § 4123.90 sets forth a clear public policy against discharging an employee in retaliation for his filing a workers' compensation claim. *Carlisle v. Bennett Enters.,* No. 3:96 CV 7447, 1997 WL 1716451, 1997 U.S. Dist. LEXIS 18752, at *36–38 (N.D.Ohio 1997). The question then becomes whether the failure to recognize a common law claim based on the statute would jeopardize the public policy at issue. We find that it does not. Ohio Revised Code § 4123.90 provides that any employee discharged for filing a workers' compensation claim may file an action in which the relief that may be granted shall be limited to reinstatement with back pay offset by subsequent earnings and payments received under O.R.C. § 4123.56 and Chapter 4141, plus reasonable attorneys' fees. As O.R.C. § 4123.90 would place a plaintiff in the same position he was in prior to the improper discharge, it provides an adequate statutory remedy. Thus, an aggrieved employee's proper recourse for retaliatory discharge for filing a workers' compensation claim is to bring a cause of action under O.R.C. § 4123.90, not a *Greeley* public policy claim.

■ Even if this court held that a *Greeley* claim was available, however, Jakischa would still need to comply with the statutory requirements of O.R.C. § 4123.90. In *Stephenson v. Yellow Freight Systems, Inc.,* No. 99AP–77, 1999 Ohio App. LEXIS 4994, at *17–19 (Ohio Ct.App. Oct. 26, 1999), the plaintiff asserted that under *Kulch* an employee need not comply with the statutory requirements of O.R.C. § 4123.90 to maintain a *Greeley* public policy claim based on O.R.C. § 4123.90. The Ohio Court of Appeals rejected that assertion. It held that in order for an employee to bring a *Greeley* claim based on the public policy in O.R.C. § 4123.90, the employee must comply with the requirements

set forth in O.R.C. § 4123.90. *Stephenson,* 1999 WL 969817, at *1, 1999 Ohio App. LEXIS 4994, at *18.[1]

The district court in *Arthur v. Armco, Inc.,* 122 F.Supp.2d 876, 880–81 (S.D.Ohio 2000), reached the same result. The plaintiff in *Arthur* had failed to comply with the notice requirement in O.R.C. § 4123.90. The court held that the plaintiff's failure to comply with the statutory requirements precluded his *Greeley* public policy claim. *Arthur,* 122 F.Supp.2d at 880–81. Thus, even if a *Greeley* claim were available, Jakischa's failure to comply with the notice provision of O.R.C. § 4123.90 would still preclude his claim.

 Jakischa argues that if the ninety-day notice provision applies, then it did not begin on the day that he was "laid off." This argument is without merit. Jakischa first alleged in his Complaint and notice that he was "terminated" and "discharged" on "January 11, 2002." In his Motion to Dismiss opposition and affidavit, however, Jakischa alleged that he thought his layoff was only "temporary" and that he would certainly be "called back" some day, simply because he "had no reason to believe" otherwise. After the district court dismissed the case, Jakischa filed a Motion to Reconsider and stated that CPE had "lied" and "misrepresent[ed]" to him that "he was being temporarily laid off." Jakischa then argued that the ninety-day period was equitably tolled until he somehow "discovered" that his "layoff" was really permanent. Even if the court were to consider Jakischa's "fraud discovery" argument on the merits, it has no evidentiary support. It is based entirely on mere allegation. This falls far short of meeting his burden of proving that he met the notice provision with competent evidence. Further, filing for unemployment benefits and the receipt of COBRA and 401(k) election forms are evidence tending to show that Jakischa knew that his layoff was permanent. Additionally, Jakischa did not dispute that he was employed at-will and was not a party to a collective bargaining agreement or other contract that provided a right of recall. Finally, "Ohio courts have refused to apply the discovery rule in R.C. 4123.90 cases." *Potelicki v. Textron, Inc.,* No. 77144, 2000 WL 1513708, at *1, 2000 Ohio App. LEXIS 4771, at *13 (Ohio Ct.App. Oct. 12, 2000). Thus, the district court did not err in dismissing Jakischa's claim.

*CONCLUSION*

For the foregoing reasons, the judgment of the district court dismissing this action is affirmed.

---

1. The court in *Stephenson* explained that the Ohio Supreme Court's holding in *Kulch,* that the employee did not have to comply with the statutory requirements in O.R.C. § 4113.52, was based on the fact that the employee's *Greeley* claim was also based on the public policy embodied in 29 U.S.C. § 660(c) (the federal Occupational Safety and Health Act) and Ohio's public policy favoring workplace safety. *Stephenson,* 1999 WL 969817, at *1, 1999 Ohio App. LEXIS 4994, at *18 (citing *Kulch,* 78 Ohio St.3d at 151–154, 677 N.E.2d 308).