{¶ 61} I reluctantly concur in the majority opinion. Reluctant because I believe the jurors reached an equitable and just result signifying their disapproval of Appellants' corporate management practices. While I share their disapproval, I am compelled to set aside my personal sense of fairness and equity, and apply the legal standards which the majority opinion accurately and fully sets forth.
 {¶ 62} I am not convinced Appellee's claim is covered by the "whistleblower" statute. However, like the majority, I find Appellee has failed to identify any source of public policy as the basis for his claims.
 {¶ 63} I believe Appellee's best argument is the fiduciary duty which exists between a corporation and its directors and its shareholders warrants recognition as a public policy exception to the at-will employment doctrine. I know of no case law, nor has Appellee identified any, which has recognized the breach of that fiduciary duty rises to the level of a matter of public policy. The fact no such case law exists does not preclude this Court from recognizing, and thereby creating, new common law. While the facts of this case suggest doing so may be equitable, I join my colleagues in refusing to do so.
 {¶ 64} Most compelling in reaching my decision is the language used by Justice Pfeifer in his dissent in Leininger v. Pioneer Natl. Latex
(2007), 115 Ohio St.3d 311. Therein, Justice Pfeifer explained why he concurred in judgment only in Wiles v. Medina Auto Parts,96 Ohio St.3d 240, 2002-Ohio-3994 as follows: "I concurred only in judgment due to my belief that a violation of the Family and Medical Leave Act did not rise to the level of great societal wrongs — such as discrimination based on race, sex, or *Page 17 
age — that merit a common-law exception to employment at will." Id. at 320-321, ¶ 41. While I agree the corporate management practices found to exist by the jury in this case demonstrate a breach of the fiduciary duty to the corporation's shareholders, as Justice Pfeifer did inWiles, I do not feel such rises to the level of a great societal wrong.
 {¶ 65} This case brought to mind the Enron scandal. Unlike Enron, no corporate officer or board of directors' member of Wayne-Dalton has been alleged, much less shown, to have committed a criminal offense. Unlike Enron, Wayne-Dalton is not involved in the supply of public utilities. Unlike, Enron, Wayne-Dalton's corporate management practices cannot be said to have any impact on the general public health and safety. Wayne-Dalton "wrongs" as found by the jury are not "societal" in nature. Accordingly, I concur in the majority's decision not to recognize a public policy exception to the at-will employment doctrine in the case. *Page 18 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee. *Page 1