**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0485n.06
Filed: June 9, 2005

**No. 04-3023**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEITH E. HAUSLER, | ) | |
| | ) | |
|     **Plaintiff-Appellant,** | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| v. | ) | **COURT FOR THE SOUTHERN** |
| | ) | **DISTRICT OF OHIO** |
| GENERAL ELECTRIC CO. | ) | |
| and WILLIAM M. BECK, | ) | |
| | ) | |
|     **Defendants-Appellees,** | ) | |

BEFORE: GIBBONS and ROGERS, Circuit Judges; BELL, District Judge.[*]

**BELL, District Judge.** Plaintiff Keith Hausler ("Hausler") appeals the district court's order granting summary judgment in favor of Defendants General Electric Company ("General Electric") and William Beck ("Beck") on Hausler's age discrimination claims.

**I.**

Hausler had been employed by General Electric for over twenty years when he and his supervisor, Beck, had an argument. Hausler yelled "Fuck you. That's bullshit," at Beck. Three days later Beck terminated Hausler for insubordination. Hausler was forty-nine years old when he was terminated. Hausler was replaced by a thirty-nine year old man.

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

Hausler filed suit against General Electric and Beck alleging disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Ohio Revised Code §§ 4112.02 and 4112.99, age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and Ohio Revised Code § 4112.14, and violation of Ohio's public policy against disability and age discrimination.

The district court granted Defendants' motion for judgment on the pleadings on Hausler's public policy claim and granted Defendants' motion for summary judgment on Hausler's federal and state disability and age discrimination claims. Hausler appeals the dismissal of his public policy claim and the entry of summary judgment on his age discrimination claims. Hausler has not appealed the dismissal of his disability discrimination claims.

**II.**

The district court entered summary judgment on Hausler's age discrimination claims on the basis that Hausler failed to produce evidence from which a juror could reasonably find that Hausler's age was a motivating factor in his termination.

We review a district court's grant of summary judgment *de novo*, applying the same Rule 56(c) standard applied by the district court. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (citing *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc)). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(c). In reviewing a district court's grant of summary judgment, we view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Minadeo v. ICI Paints*, 398 F.3d 751, 756 (6th Cir. 2005).

Hausler agrees with the district court that the burden shifting analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), applies to both his federal ADEA and his Ohio statutory age discrimination claims. *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1115 (6th Cir. 2001) (citing *Bucher v. Sibcy Cline, Inc.*, 738 N.E.2d 435, 442 (Ohio App. 2000)). *See also Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128 (Ohio 1981). Hausler also agrees that the district court correctly determined that he had made out a prima facie case of age discrimination. He contends, however, that the district court erred in granting summary judgment because there was sufficient evidence to create a material issue of fact for trial as to whether his employer's articulated reason for discharging him was a pretext for impermissible age discrimination.

A plaintiff can refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc) (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). Hausler contends that he did produce evidence to refute General Electric's

proffered basis for his dismissal, but that the district court failed to construe the evidence and draw all reasonable inferences from the evidence in the light most favorable to him.

Hausler's first contention is that the district court failed to credit his evidence that General Electric failed to follow its policy of investigating the factual circumstances before terminating employees. The district court found no evidence that General Electric had a policy of investigating acts of insubordination prior to discipline. Hausler has not directed us to any evidence to the contrary. The only evidence Hausler directs us to is testimony that investigations are normally performed prior to termination. None of the testimony, however, involved situations where the misconduct was committed in the presence of and directed at the very supervisor who made the termination decision. Hausler has not produced evidence that an investigation was required or that it would even have been meaningful under the circumstances of his termination. Accordingly, Hausler's evidence that investigations are normally performed does not refute the employer's stated justification for Hausler's termination.

Hausler's second contention is that the district court failed to consider the rampant use of profanity in the workplace that did not result in discipline. The district court distinguished Hausler's conduct of yelling "Fuck you. That's bullshit," directly at his supervisor from other uses of profanity in the workplace. Hausler has not attempted to show that the use of profanity by co-workers that did not result in discipline was of comparable seriousness to his statement to Beck.

Hausler's third contention is that the district court failed to consider that what Beck told his superiors was radically different from what occurred, and from what Beck now admits occurred, and that these shifting justifications are evidence of pretext. "Shifting justifications" may call into question the credibility of those justifications. *See Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 592 (6th Cir. 2002) (holding that by showing that defendants' justification for firing changed over time, plaintiff had shown genuine issue of fact that defendants' proffered reason was not only false, but that the falsity was a pretext for discrimination.). *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1167 (6th Cir. 1996), *am. on other grounds*, 97 F.3d 833 (6th Cir. 1996) ("An employer's changing rationale for making an adverse employment decision can be evidence of pretext."). However, the record does not support Hausler's assertion that the reasons given for his termination have changed. Beck told Hausler that he was terminating him for insubordination. This is the same explanation Beck gave his superiors and the same explanation he gave at his deposition. Although there is some conflicting evidence in the record about what led up to the argument between Beck and Hausler and what was said during that argument, those inconsistencies do not alter the fact that Hausler directed profanity at Beck, and they do not raise an issue of fact as to the credibility of the stated reason for Hausler's termination.

Hausler's fourth contention is that the district court erred in its finding that Beck's comments about a younger workforce were too isolated and ambiguous to be of any probative value. According to Hausler, these ageist comments made by the decisionmaker

prior to the firing decision are direct evidence of age discrimination or at least circumstantial evidence of pretext.

In order to determine whether allegedly discriminatory remarks are relevant to a claim that an adverse employment decision was motivated by impermissible age considerations, we look not only to the speaker's role in the employment decision, but also to the substance of the discriminatory remarks. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 355 (6th Cir. 1998). "Isolated and ambiguous comments are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination." *Id.* (internal quotation marks and citations omitted).

The district court noted that Hausler could not recall with any specificity when the comments were made or how often they were made. The district court also noted that there was no evidence that Beck's age-related comments were directed at Hausler. Moreover, Beck's comments about wanting a younger, more talented, more aggressive, and more mature workforce were ambiguous because they mixed a desire for youth with a desire for maturity. In *Carter v. Univ. of Toledo,* 349 F.3d 269, 276 (6th Cir. 2003), we held that remarks allegedly made in direct response to the plaintiff's inquiries as to why she was not rehired could not be regarded as isolated. Unlike the remarks in *Carter*, there is no evidence in this case that Beck's remarks were related to Hausler or to his termination. Moreover, unlike the remarks at issue in *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1129 (6th Cir. 1998), and *Ercegovich*, Beck's remarks do not "on their face strongly suggest that the speaker harbors a bias against older workers." *Ercegovich*, 154 F.3d at 355. On *de novo* review of

the record we agree with the district court that these comments were isolated and ambiguous and that they were legally insufficient to create a material issue of fact as to whether Hausler's termination was motivated by age discrimination.

Finally, Hausler contends that the district court did not give appropriate weight to evidence that Beck disproportionately disciplined older workers. Hausler presented evidence of only three other employees over forty years of age who received unfavorable treatment from Beck. The district court, citing *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 943 n.7 (6th Cir. 1987), and *Brocklehurst v. PPG Industries, Inc.*, 123 F.3d 890, 897 (6th Cir. 1997), held that the evidence was insufficient to create an issue of fact as to pretext because the statistical sample was too small and because the majority of employees under Beck's supervision were over forty years old. Hausler has not attempted to challenge the district court's analysis on this issue.

The district court opinion thoroughly discussed the pertinent case law on the issue of pretext and clearly and comprehensively explained why the evidence of record did not create an issue of fact for trial. Upon *de novo* review we are satisfied that the district court correctly determined that there was no evidence to support a reasonable inference that General Electric's explanation for Hausler's termination was pretextual. Hausler did not produce sufficient evidence to show that General Electric's justification for his termination, i.e., insubordination, was pretextual. He did not produce evidence to suggest that the justification had no basis in fact, did not actually motivate the termination, or was insufficient to warrant his termination. *See Wexler*, 317 F.3d at 576. The evidence Hausler relies on is simply

insufficient to raise an issue of fact as to pretext. No reasonable jury could find from the evidence of record that age was a determining factor in General Electric's decision to discharge Hausler. Accordingly, we affirm the district court's entry of summary judgment on the discrimination claims for the reasons stated in district court's excellent opinion.

### III.

Hausler also appeals the district court's order granting Defendants' motion for partial judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) and dismissing Hausler's claim that he was discharged in violation of Ohio public policy.

"We review a motion for judgment on the pleadings pursuant to Rule 12(c) under 'the same de novo standard applicable to a motion to dismiss under Rule 12(b)(6).'" *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp*., 399 F.3d 692, 697 (6th Cir. 2005) (quoting *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001)). In reviewing a motion for judgment on the pleadings "we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id*. (quoting *Ziegler*, 249 F.3d at 512).

The district court dismissed Hausler's public policy claim because it concluded that Ohio does not recognize a wrongful discharge claim based upon a violation of public policy where, as here, there are statutory remedies that adequately protect society's interests in discouraging employers from engaging in discrimination on the basis of age or disability.

In reaching this conclusion the district court relied exclusively on *Wiles v. Medina Auto Parts*, 773 N.E.2d 526 (Ohio 2002) (plurality).

Hausler contends that *Wiles* does not provide a sufficient basis for dismissal of his claim because it was a plurality opinion, it addressed the Family and Medical Leave act ("FMLA") rather than the ADEA, and it conflicts with the Ohio Supreme Court's decision in *Livingston v. Hillside Rehabilitation Hosp.*, 680 N.E.2d 1220 (Ohio 1997), which expressly recognized that an Ohio public policy claim may be based upon the Ohio statutes prohibiting age discrimination.

We need not determine whether *Wiles* accurately reflects Ohio law. It is sufficient to note that because Hausler cannot make out his statutory age and disability discrimination claims, his public policy claim must fail as well.

The elements of the common-law claim of wrongful discharge in violation of Ohio public policy are (1) the existence of a clear public policy manifested in constitutional, statutory regulatory or common law; (2) the circumstances of the discharge undermine or jeopardize the public policy; (3) the discharge was motivated by conduct related to the public policy; and (4) there was no overriding legitimate basis for the discharge. *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 321 (Ohio 1997). Public policy claims necessarily fail where the underlying statutory claims fail. For example, in *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375 (6th Cir. 1999), we held that the plaintiff's claim of discrimination in violation of Ohio public policy failed where the plaintiff could not show that the employer's stated justification for dismissal was pretextual. *See also Garcia v. ANR Freight Sys., Inc.*, 942 F.

Supp. 351, 358-59, and n. 8 (N.D. Ohio 1996) (dismissing public policy wrongful discharge claim where plaintiff failed to show constructive discharge based on sexual harassment). Because Hausler was not able to show that his employer's dismissal decision was pretextual, he has failed to show that it was motivated by conduct related to the public policy and he has failed to show that there was no overriding legitimate business justification for the discharge. Accordingly, we affirm the district court's dismissal of Hausler's public policy claim, but on grounds different than those articulated by the district court. *See Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) (holding that we are free to affirm the judgment on any basis supported by the record).

## IV.

For the foregoing reasons, we AFFIRM the district court's order granting defendants' motion for summary judgment on Hausler's age discrimination claims. We also AFFIRM the district court's dismissal of Hausler's public policy claim, although for reasons different from those provided by the district court.