**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0472n.06

**No. 09-4564**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jul 12, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOHN KUIVILA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| CITY OF CONNEAUT; EDWARD SOMPPI; | ) | |
| JON ARCARO, | ) | **O P I N I O N** |
| | ) | |
| **Defendants-Appellees.** | ) | |

BEFORE:  NORRIS, ROGERS, and GRIFFIN, Circuit Judges.

   **ALAN E. NORRIS, Circuit Judge.**   In 2008, plaintiff John Kuivila sued his former employers alleging breach of contract and promissory estoppel, wrongful discharge in violation of Ohio public policy, and a violation of his First Amendment rights.  On November 17, 2009, the district court granted summary judgment in favor of the defendants.  On appeal, plaintiff claims three errors: 1) the district court should not have exercised supplemental jurisdiction over his state law claims after dismissing his federal claim; 2) the district court incorrectly held that plaintiff's contract and promissory estoppel claims were barred by Ohio law; 3) the district court incorrectly dismissed plaintiff's public policy claim.  We now affirm the judgment of the district court.

**I.**

   The district court summarized the relevant factual background in its opinion:

Plaintiff John Kuivila ("Plaintiff") filed the instant action against his former employer, Defendant City of Conneaut, and against the, then, interim City Manager, Edward Somppi. Plaintiff also sued John Arcaro, the Conneaut Police Chief. The case was filed in the Ashtabula County Court of Common Pleas, and was removed to federal court on November 3, 2008. Mr. Kuivila has raised four claims, alleging (1) breach of contract, (2) promissory estoppel, (3) wrongful discharge in violation of public policy, and (4) violation of his First Amendment rights.

The relevant facts are generally undisputed. Defendant Jon Arcaro has been the Chief of Police in Conneaut, Ohio since 2002. The City of Conneaut operates under a City Manager form of government. The City Manager, from the time of Mr. Kuivila's hire through May of 2008, was Doug Lewis. The City Manager is the Chief Executive Officer and makes all decisions relative to hiring and firing of city employees, including the police chief and other police officers. The City Manager, however, does not have any authority to change or modify legislation passed by the City Council.

The Deputy Chief position held by Mr. Kuivila was created by legislation, passed by the Conneaut City Council in May of 2007. The legislation creating the position subjected the position to a one year probationary period and identified the position as a "classified civil service" position. In August of 2007, before Mr. Kuivila was hired, the ordinance was amended changing the classification of the position to "exempt from civil service."

Mr. Kuivila was hired for the Deputy Chief position on September 24, 2007. At the time of his hire, it was the intent of all City Council, the City Manager, and Mr. Kuivila that he would serve as Deputy Chief for a limited period of time, and would then take over as Police Chief when Chief Arcaro retired. Chief Arcaro was expected to work until May of 2008, and then to take accrued vacation until it was used up. Mr. Kuivila was expected to be designated as Acting Chief while Chief Arcaro used his accrued vacation, and then to be appointed as Chief of Police, upon Chief Arcaro's retirement, at the beginning of 2009. Nonetheless, there was no written employment contract, and all parties understood that during the one year probationary period, Mr. Kuivila was serving as an "at-will" employee, subject to termination without cause.

Somewhere around February of 2008, Mr. Kuivila began to suspect that Chief Arcaro did not intend to retire, as previously planned. In April of 2008, Chief Arcaro rescinded his notice retirement. All parties knew that the City could not afford to keep both a Chief and a Deputy Chief on the payroll on an on-going basis. On or about May 7, 2008, Mr. Kuivila, Chief Arcaro, Mr. Lewis (who was retiring on May

8), Law Director Lori Lamer, and interim City Manager Edward Somppi had a meeting to discuss the situation and to attempt to find a compromise that would allow Chief Arcaro to retire at a later date, and would allow Mr. Kuivila to work under the Chief (possibly at a higher interim salary) until his retirement. Nothing was resolved, however.

On May 8, 2008 Edward Somppi took over as City Manager. Between May 9, 2008 and June 16, 2008, various job performance issues arose with Mr. Kuivila. On June 16, Mr. Kuivila's attorney sent a letter to the City outlining what essentially amounted to a promissory estoppel claim. On June 18, 2008, Chief Arcaro forwarded a memo to Mr. Somppi setting forth concerns about Mr. Kuivila's performance stemming from events arising prior to the June 16th letter from Mr. Kuivila's attorney. On June 25, 2008, Chief Arcaro recommended to Somppi that Mr. Kuivila be terminated. On July 1, 2008, Somppi, in his role as City Manager, terminated Mr. Kuivila's employment. Plaintiff's probationary term under the hiring ordinance had not yet expired at the time of his termination.

Memorandum Opinion and Order at 2-4.

The district court granted summary judgment to defendants on all claims. Plaintiff appeals the district court's judgment on his state law claims only. He also argues that the district court should have remanded these claims to state court after dismissing his federal First Amendment claim.

## II.

*1. Supplemental Jurisdiction*

When, as here, a district court had jurisdiction pursuant to 28 U.S.C. § 1331, it "may decline" to exercise supplemental jurisdiction if it "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The inclusion of the word "may" indicates that the district court has discretion. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) ("a district court's decision whether to exercise . . . [supplemental] jurisdiction after dismissing every

claim over which it had original jurisdiction is purely discretionary.") We review the district court's decision to exercise supplemental jurisdiction for abuse of discretion. *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).

Here, the district court, having received briefing on both the federal and state claims, ruled on all claims at the same time. This furthered the interest of judicial economy by avoiding unnecessary litigation in a different forum. We may not have made the same choice as the district court, but see no abuse of discretion.

## 2. Wrongful Discharge in Violation of Public Policy

Having determined that the district court properly exercised supplemenetal jurisdiction over the state law claims, we turn to the substance of those claims.

Plaintiff contends that he was dismissed because he discussed his employment situation with an attorney. Ohio public policy prohibits the discharge of an employee in retaliation for seeking legal advice or retaining the services of an attorney concerning employment-related matters. *Chapman v. Adia Servs., Inc.*, 688 N.E.2d 604, 609 (Ohio Ct. App. 1997). To establish a prima facie claim of wrongful discharge in violation of public policy, an employee must demonstrate the following four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law; (2) dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy; (3) dismissal was motivated by conduct related to the public policy; and (4) employer lacked overriding legitimate business justification for the dismissal. *Collins v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1995).

We take no position regarding the first three elements because we conclude that plaintiff cannot satisfy the fourth. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002) ("we may affirm on any grounds supported by the record even if different from the reasons of the district court"). Plaintiff has not raised a genuine material issue of fact concerning whether defendants had an overriding legitimate business justification to fire him. In their motion for summary judgment, defendants presented extensive evidence concerning their decision to terminate plaintiff's employment: Chief Arcaro's concerns over plaintiff's job performance; the City's inability to fund both a Deputy Chief and Chief of Police position; allegations of inappropriate behavior towards a female dispatcher that plaintiff belatedly admitted were true after he initially denied the allegations; plaintiff's failure to comply with the City and Fraternal Order of Police's ("FOP") collective bargaining agreement; and the FOP's vote of no confidence concerning plaintiff's job performance. These facts and occurrences constitute a legitimate business justification to terminate the employee. *See McDermott v. Continental Airlines*, 339 F. App'x 552, 557-59 (6th Cir. 2009) (lack of candor with employer); *Mischer v. Erie Metro Hous. Auth.*, 168 F. App'x 709, 715-716 (6th Cir. 2006) (inability to work professionally with others); *Hausler v. General Electric Co.*, 134 F. App'x 890, 891, 895 (6th Cir. 2005) (cursing at supervisor).

In appeals of summary judgment decisions, we view evidence in the light most favorable to the appellant. *Matsushita Elec. Indus, Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Because plaintiff failed in the distrct court on appeal to contest that defendants' stated reasons for terminating his employment were not legitimate business reasons in the district court and on appeal,

he failed to establish a genuine issue of material fact with respect to this element of his wrongful discharge claim.

### *3. Breach of Contract/Promissory Estoppel*

Finally, we turn to plaintiff's breach of contract and promissory estoppel claims. We have carefully considered the positions advanced by counsel in both their oral arguments to the court and in their briefs. We conclude that the district court correctly analyzed these claims in its Opinion and Order filed on November 17, 2009. We therefore affirm on that reasoning.

**III.**

The judgment of the district court is **affirmed**.