**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0048n.06

Case No. 17-5615

**FILED**

Jan 24, 2018

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RACHEL JONES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| WILSON COUNTY, TENNESSEE, et al., | ) | TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE: MERRITT, GRIFFIN and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff-Appellant Rachel Jones appeals the district court's grant of summary judgment in favor of Defendants-Appellees Wilson County, Tennessee (the "County") and Terry Duncan on her First Amendment and state law claims. Jones also appeals the district court's exercise of supplemental jurisdiction over her state law claim. The district court was correct, however, in finding that Jones' First Amendment claim failed because she was speaking as a public employee, rather than a private citizen. Likewise, the district court properly held that Jones failed to state a claim under the state law. Finally, the district court did not abuse its discretion when it exercised supplemental jurisdiction over her state law claim. We AFFIRM the judgment of the district court.

I

Jones was a probation officer for Wilson County, Tennessee. As part of her job duties, Jones reported to the County General Sessions Court, where she was required to answer questions about probationers. She had a duty to provide truthful statements. On September 5, 2014, Jones was terminated for allegedly failing to do that part of her job. On that date, Terry Duncan, Jones' supervisor, notified her via letter that she was being terminated because she made allegedly false statements during a court hearing. Specifically, Defendants alleged that Jones was asked whether a criminal defendant could attend a drug and alcohol counseling class provided by a counselor, Chris Buchanan. Defendants further allege that Jones responded falsely, answering that Buchanan had said the defendant could *not* attend. Buchanan advised the defendant's lawyer that this was not true, who then informed Duncan about Jones' alleged false testimony. Upon learning that Jones had provided untrue statements related to her job duties, Duncan terminated her.

Jones filed a complaint in court in the Middle District of Tennessee on August 26, 2015, alleging claims under 42 U.S.C. § 1983 for a violation of her First Amendment right to freedom of speech and under the Tennessee Public Employee Political Freedom Act ("PEPFA"). On September 20, 2016, Defendants filed a Motion for Summary Judgment. On April 26, 2017, the district court granted Defendants' motion, finding that Jones' claims failed under both the First Amendment and PEPFA. The district court found that Jones was speaking as a public employee pursuant to her official duties, rather than as a citizen for First Amendment purposes, thus extinguishing her claim. As to Jones' PEPFA claim, the district court concluded that the statute did not apply, and even if it did, Jones was terminated for permissible reasons. Jones now appeals.

II

We review a district court's grant of summary judgment *de novo*. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of establishing that there are no genuine issues of material fact, which it may accomplish "by demonstrating that the nonmoving party lacks evidence to support an essential element of its case." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). In response, the nonmoving party must present "significant probative evidence" that will reveal that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere existence of a scintilla of evidence in support of the nonmovant's position will not suffice to avoid summary judgment. *Anderson*, 477 U.S. at 252.

III

## A. First Amendment Claim

A public employee's First Amendment right to freedom of speech is subject to limitations when her speech is made pursuant to her official duties. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Though her employment does not require her to completely surrender her First Amendment rights, the government "need[s] a significant degree of control over [her] words and actions." *Id.* Accordingly, the government has discretion in how it restricts an employee's speech. *Id.* Neither party disputes that Jones was working in her capacity as a probation officer

and was required to answer questions in open court regarding probationers as part of her official duties. As the district court noted, Jones conceded as much in her affidavit, stating that it was "part of [her] duties" to respond to a judge's questions about her probationers.

Jones first disputes that the alleged false testimony took place at all. She also suggests that she may have been fired for another reason altogether, owing to an adverse relationship with the public defender who reported her alleged false statements to her supervisor.[1] But this is wholly unrelated to Jones' § 1983 claim—that she was entitled to First Amendment protection for the alleged false statements she made in court, which served as the basis for her termination. We therefore move to her next argument, that the alleged false statements were entitled to protection.

To determine if a public employee's speech is entitled to protection, courts engage in a two-step inquiry:

> The first requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment claim arises. The question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.

*Lane v. Franks*, 134 S. Ct. 2369, 2378 (2014) (quoting *Garcetti*, 547 U.S. at 418). The *Garcetti* Court elaborated on the first step by distinguishing employee speech from citizen speech, stating that public employees who make statements pursuant to their official duties are "not speaking as citizens for First Amendment purposes." *Id.* (citing *Garcetti*, 547 U.S. at 421). We find that Jones does not satisfy the first step and thus her First Amendment claim fails.

---

[1] We also note that in another section in her brief, Jones states that it is "undisputed" that Duncan fired her for testifying in open court. Jones' arguments are incompatible and inconsistent.

To satisfy the first step, Jones argues that testimony in open court is "always a matter of public concern." This is plainly wrong. In *Lane*, the Supreme Court analyzed whether the plaintiff's sworn testimony outside the scope of his ordinary job duties was speech as a citizen for First Amendment purposes. 134 S. Ct. at 2378. If testimony in open court was "always a matter of public concern," as Jones claims, the *Lane* Court would have so indicated and would not have investigated the contours of First Amendment protections as applied to an employee who gives testimony *related* to his employment but *outside* the scope of that employment. 134 S. Ct. at 2378-79. The Court simply would have stated that sworn testimony satisfies the first step of the inquiry. Instead, *Lane* distinguished the speech at issue in that case, testimony related to a public corruption scandal, from the speech in *Garcetti*, an internal memorandum made pursuant to that employee's official duties, and emphasized that the "critical question" is whether the speech is ordinarily within the scope of the employee's duties. *Id.* at 2379-80.

We have noted that determining if an employee is speaking as a private citizen "can be challenging." *Mayhew v. Town of Smyrna, Tennessee*, 856 F.3d 456, 464 (6th Cir. 2017). But the facts here are straightforward: Jones, a public employee, stated that testifying in court was part of her official job duties. As instructed by *Lane* and *Garcetti,* we focus on Jones' "ordinary job responsibilities" and look practically at her job duties. *Id.* at 465. As her alleged false statements were undoubtedly made pursuant to her employment, she fails the first step of the inquiry. Accordingly, Jones' First Amendment claim fails.

## B. PEPFA Claim

Jones appeals the district court's grant of summary judgment on her state law claim under PEPFA, arguing that 1) summary judgment was inappropriate, and, in the alternative, 2) the

district court should have declined to exercise supplemental jurisdiction over her state law claim and dismissed it without prejudice. For the reasons below, we reject Jones' arguments.

PEPFA provides that a public employer cannot "discipline, threaten to discipline or otherwise discriminate against an employee because such employee exercised that employee's right to communicate with an elected public official." Tenn. Code Ann. § 8-50-603(a). Jones argues that it is "undisputed" that she was terminated for communicating in open court with the judge, an elected public official. The County argues that the district court correctly found that Jones was terminated not for communicating with the judge in that case, but for allegedly providing false testimony, rendering PEPFA inapplicable. The Tennessee Court of Appeals has stated that the purpose of PEPFA is "to facilitate free and open communication between public employees and elected officials by deterring the public employer from taking discriminatory actions against an employee because of such communication." *Pewitt v. Buford*, No. 01A01-9501-CV-00025, 1995 WL 614327, at *5 (Tenn. Ct. App. Oct. 20, 1995). The purpose alone suggests that Jones' claim is not the type that spurred PEPFA's enactment.

A review of case law on this point is instructive. In *Pewitt*, a county trustee's office employee brought suit under PEPFA for discriminatory conduct against her by her employers after she communicated allegations of criminal misconduct at the trustee's office to a county commissioner. *Id.* at *1-2. In another case, a police officer brought a PEPFA claim for termination following his discussion with an investigator about officer wrongdoing. *Guthoerl v. City of Mount Juliet, Tennessee*, No. 3:05-0131, 2006 WL 1454736, at *3, 7 (M.D. Tenn. May 22, 2006). Here, Jones' testimony was not a volitional attempt to inform the judge of institutional misconduct or wrongdoing unrelated to her ordinary job duties—it was simply the

fulfillment of one of those duties. It is hard to imagine that PEPFA was designed to reach this type of communication.

The County has not argued that Jones was terminated because of her communication with the judge. Rather, Jones was terminated for failure to perform one of her job duties—to testify truthfully in open court. To argue that Jones was fired for simply answering the judge's questions would beg the question why Jones, or any other probation officer, had not been terminated previously when performing an ordinary job duty. Accordingly, we find that Jones was terminated for reasons other than exercising her right to communicate with a public official. As such, Jones has failed to state a claim under PEPFA.

Finally, we address Jones' argument on supplemental jurisdiction. "We review the district court's decision to exercise supplemental jurisdiction for abuse of discretion." *Kuivila v. City of Conneaut*, 430 F. App'x 402, 404 (6th Cir. 2011) (citing *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)). "An abuse of discretion exists only when we are left with the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." *Hucul Advert., LLC v. Charter Twp. of Gaines*, 748 F.3d 273, 275 (6th Cir. 2014) (citing *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 709 (6th Cir. 2012)).

Jones argues that the district court should have declined supplemental jurisdiction over her state law claim. The appeal on the PEPFA claim involves the same facts as the First Amendment claim, and Jones does not dispute that the two claims formed part of the same case or controversy. *See id.* at 281. Under 28 U.S.C. § 1367(c), the district court could have declined to exercise supplemental jurisdiction in one of four circumstances: 1) the State law claim raised a novel or complex issue of State law; 2) the State law claim predominated over the federal claim;

3) the district court dismissed the federal claim; or 4) this case was an exceptional circumstance in which compelling reasons existed for declining jurisdiction. If any of these circumstances was present, we would review for abuse of discretion. *See Hucul Advert., LLC*, 748 F.3d at 281. "But in the absence of any such circumstance, it does not appear that a court would be authorized—let alone required—to decline to exercise jurisdiction." *Id.*

Such is the case here. Jones does not assert the presence of any of the above circumstances. She does not argue that the PEPFA claim raised a novel or complex issue of law or that the PEPFA claim predominates over her federal claim under the First Amendment. The district court did not dismiss Jones' federal claim, but rather resolved it on the merits. Lastly, Jones does not argue that compelling reasons existed for the district court to decline supplemental jurisdiction. As no exception applies, the district court did not, and could not, abuse its discretion in exercising supplemental jurisdiction over Jones' PEPFA claim. *See id.*

Finally, Jones urges, without any support or argumentation, that her PEPFA claim should have been dismissed without prejudice. In her reply brief, Jones makes an argument that the district court abused its discretion when it dismissed her claims with prejudice. But as she only makes this argument in her reply, the argument is waived. *See United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is waived.").

IV

For the foregoing reasons, we **AFFIRM** the decision of the district court.